PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions (Civil) (Committee) petitions this Court to amend the Florida Standard Jury Instructions in Civil Cases. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On February 21, 2003, the Committee filed a Supplemental Report proposing amendments to current civil jury instruction MI 3, Insurer’s Bad Faith. Prior to submitting this report to the Court, the Committee published an initial and a revised version of its proposals in the May 15, 2002, and the October 15, 2002, editions of The Florida Bar News, respectively. Several comments were received after each publication and were considered by the Committee prior to submission of its report to the Court.
The end product of the Committee’s proposal is a completely revised instruction on *1084 insurer’s bad faith claims. The revised instruction merges MI 3.1 (“Insurer’s Bad Faith Failure to Settle Within Policy Limits”) and MI 3.2 (“Insurer’s Bad Faith Failure to Offer Up to Policy Limits to Settle Above Policy Limits”) into one instruction. It also replaces a portion of the current instruction directing the jury to award damages in a sum certain with a statement that if the jury finds for the claimant, “the court will award damages in an amount allowable under Florida law.” Finally, it adds provisions addressing the issues of punitive damages and damages for mental distress.
Upon consideration of the Committee’s report, we hereby authorize the publication and use of the revised instruction as set forth in the appendix attached to this opinion. In doing so, we express no opinion on the correctness of the instruction and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instruction. We further caution all interested parties that the notes and comments associated with the instruction reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instruction as set forth in the appendix shall be effective when this opinion becomes final. New language is indicated by underlining, and deletions are indicated by struck-through type.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
MI 3
INSURER’S BAD FAITH
INTRODUCTORY COMMENT
MI 3.1 or 3.2 is applicable when the particular matter in -issue-is-the insurance company’s failure-to settle a claim within its policy-limits or its failure-to offer up to its policy limits to-setfle-above the policy-limits. — These charges do not exhaust the subject, — Other—charges are necessary-if liability is asserted-for the insurance company’s-violation of some other— duby^-fe-g^ “to advise the insured-of-settlement opportunities,-to advise-as to the probable outcome of the litigation, to warn of the possibility of-an-exeess-judgment, and to advise the-imsured of any steps he ■might-take-fco avoid same.” Boston Old Colony Ins. Co. v. Gutierres, 386 So.2d 783, 785 (Fla.1980).
MI 3.1
INSURER’S BAD FAITH FAILURE TO SETTLE WITHIN POLICY LIMITS
& Issue:
The issue for your determination is whether (defendant) acted in bad faith in failing to settle the claim [of] (name) [against] (insured). An insurance company acts in bad faith in failing to settle a claim against its [policyholder-] — [insured] within its-policy-limits-when, under all — of the circumstances, it could and should have done so, had it acted fairly and honestly towards its [its policyholder] [its insured] [an excess carrier] and with due regard for [his] [her][its] [their] interests.

K Burden of proof:

If the greater weight of the evidence does not support the claim of (claimant), *1085 your verdict should be for (defendant). However, if the greater weight of the evidence does support the claim of (claimant), your verdict should be for (claimant). “The greaterGreater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant-X-then-
a-. — When claimant is original plaintiff:
you will award (claimant) the sum of $=.
4 — When claimant is original insured person or excess carrier:
you -will-award (claimant) -the-sum of $._which is [the amount with interest— (insured-) — has—paid-]—[the-amount (insured) -is-obligated- to- pay] -in satisfaction of the judgment.
c. When claimant’s damages-mektde-daÁm for costs and atto-meyis-feesi
you should also award such additional amount-as the greater weight of the evidence shows will adequately compensate-(claimant) for costs and attorney’s fees necessarily and reasonably incurred by-(elamant-)-in-(identify prior-proceedings in-defending against-claim-or — in-resisting the judgment). — You should not consider or-make-any-award-on-acGount of-(claimant’s) costs-or-attorney’s fees incurred in the present lawsuit, — These will be determined and awarded by the court la-

D (images:

1. Cases without claims for mental distress:

If your verdict is for (claimant), the court will award damages in an amount allowable under Florida law.

2. Cases with claims for mental distress:*

* Use this instruction only if the court determines that there is a sufficient predicate to support a claim for mental distress. See Time Ins. Co. v. Burger, 712 So.2d S89 (Fla.1998). The committee takes no position on whether claims for mental distress mag he available in other situations.
If your verdict is for (claimant), you will next determine (claimant’s) claim for mental distress. On (claimant’s) claim for mental distress, the issues for your determination are:
Whether (defendant’s) [denial of] [failure to timely pay] the claim resulted in (insured’s) failure to receive necessary or timely health care; and if so
Whether this failure caused or aggravated (insured’s) [medical] [psychiatric] condition; and if so
Whether (insured) suffered mental distress related to the condition or the aggravation of the condition.
Burden of Proof — Mental Distress:
If the greater weight of the evidence does not support the claim of (claimant) for mental distress, your verdict should be for (defendant) on this issue. However, if the greater weight of the evidence does support the claim of (claimant) for mental distress, your verdict should be for (claimant) on this issue.
Damages — Mental Distress:
If you find for (claimant) on the claim for mental distress, then you should award (claimant) an amount of damages that the evidence shows will fairly compensate claimant for [his][or][her] [loss][injury][or][damage] as a result of the mental distress. Your damage award should be for mental distress only. The court will enter judgment for *1086 other damages to which (claimant) is entitled under the law.
d Punitive damages:*
* If a claim for punitive damages is made pursuant to section 621.155, Florida Statutes, substitute the following instruction for the instructions located at PD-Punitive Damages, PDla(2) or PD2a. For common law punitive damages claims, see PD-Punitive Damages.
Punitive damages are warranted if you find by clear and convincing evidence* that:
1. the acts giving rise to the violation occurred with such frequency as to indicate a general business practice; and
2. these acts were willful, wanton, and malicious, or in reckless disregard for the rights of the [insured] [beneficiary].
* Note: The Committee has assumed that the clear and convincing evidence burden of proof provided in Florida Statutes section 768.725 applies to punitive damages claims made pursuant to Florida Statutes section 624.155.
Comment on MI 3.1
See Campbell v. Government Employees Ins. Co., 306 So.2d 525 (Fla.1974); Butchikas v. Travelers Indemnity Co., 343 So.2d 816 (Fla.1976), affirming 313 So.2d 101 MI 3.1 does not distinguish statutory claims from common law claims or first party claims from third party claims. See State Farm Mut. Auto. Ins. Co. v. LaForet, 658 So.2d 55 (Fla.1995).
NOTES ON USE
1. MI 3.1 is applicable when the particular matter in issue is the insurance company’s failure to settle a claim. This instruction does not exhaust the subject. Other instructions may be necessary if liability is asserted for the insurance company’s violation of some other duty. See, e.g., Boston Old Colony Ins. Co. v. Gutierrez, 386 So.2d 783, 785 (Fla.1980) (duty “to advise the insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid same”).
2. This instruction does not ask the jury to insert on the verdict form the amounts of the judgment, interest, costs and attorneys’ fees in the underlying case, because these amounts, in many cases, will be decided by the court as a matter of law. The Committee does not intend the omission of these issues from the instructions to affect the admissibility of such amounts. When any damages are to be determined by the jury, appropriate instructions and verdict form will be needed.
3. In cases brought under section 624,155, Florida Statutes, ssues of notice and cure generally will be determined by the court. See Talat Enters., Inc, v. Aetna Cas, and Sur. Co., 753 So.2d 1278 (Fla.2000). Therefore, no standard jury instruction is provided on those issues.
MI-3,2
INSURERS BAD FAITH FAILURE TO OFFER UP TO POLICY LIMITS TO SETTLE^JBOVE POLICY LIMITS
The issue-for — your—determination is whether (defendant) acted in bad faith in failing to offer to pay-its-policy limits toward-settlement of the claim of (name) against (insured), — An-insnrance company acts in bad-faith-in-failing to offer to pay [an amount-up to] [the amount of] its policy- limits-toward settlement of a claim — against—its—[policyholder]—[insured] when-offering that amount would have-resulted in settlement of-the-claim- *1087 and» under all of the circumstances» the insurance company should-have offered that amount» had it acted fairly and honestly — toward-[itg- -policyholder] [insured] [and] [the excess carrier of its policyholder] and with due regard for [his][its] [their] interests.
If the greater weight of the evidence does not support the-claim-of- (claimant)) your verdict should-be-for- (defendant). However»-if the greater weight of the evidence — does—support the — claim—of (claimant)) your verdict should — be—for (claimant). — “The greater-weight - of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
If you find for (defendant-)» — you—w-ill not consider the matter of damages. But» if you find for (claimant), then
a-. — when claimant is original-plaintiff:
you will award (claimant) the sum of $.=)- the amount necessary to satisfy judgment,- less the amount which the greater weight of-the evidence shows (insured or excess- carrier) would and could have paid» settling the claim of (clalmant)-if-(defendant) had offered to pay its policy limit-s-toward-the settlement,
4 — when claimant is-origmaC-msured person or excess carrier [judgment sat-isfiedf-Efudgment not satisfied]
[you-- will award (claimant) $._, the amount (claimant)-paid-to-satisfy the judgment, less the-amount which the greater weight of the evidence shows (claimant) would and could-have paid, settling the claim of (name), if (defendant-had offered to pay its policy limits -toward the settlement. — You will also award (claimant) interest-on the amount due» at _% per year, from (date claimant satisfied judgment).]
[you will award (claimant) $_, the amount (claimant) is obligated to pay to satisfy- judgment, less -the amount which-the greater weight-of the evi-denee — shows—(claimant)—would—and could have paid) settling the claim of (name), if the (defendant) had offered to pay its policy limits toward the settlement.]
c — when—claimant’s—damages—include claim for costs and attorney’s fees:
you should also-award-such additional amount as the greater weight of the evidence shows-will -adequately compensate (claimant) for costs and attorney-8 fees necessarily and-reasonably incurred by (claimant) in (Identify prior proceedings in defending against claim or in resisting the judgment). — You should not consider or make any award on account -of-(claimant’s) costs or attorney’s fees-incurred in the present-lawsuit. These will be determined and awarded by the court later.

Gommeni-on~MI~3&

See General Accident Fire and Life Assurance Corp., Ltd. v. American Casualty Co., 390 So.2d 761 (Fla. 3d DCA 1980).